IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife,**

    Plaintiffs,

v.                                                    Civil Action No.: 2:18-cv-01292
                                                           (Removed From Wood County Circuit
                                                             Court Civil Action No. 18-C-139)

**OHIO POWER COMPANY d/b/a AEP**
**OHIO, and UNIVERSAL CABLE**
**HOLDINGS, INC. d/b/a SUDDENLINK**
**COMMUNICATIONS,**

    Defendants.

## NOTICE OF REMOVAL

Ohio Power Company, d/b/a AEP Ohio ("Ohio Power Company") files this Notice of Removal removing this action from the Circuit Court of Wood County, West Virginia, where it was filed as Civil Action No. 18-C-139, to the United States District Court for the Southern District of West Virginia, Charleston Division, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. Ohio Power Company sets forth the following as grounds for removal:

### INTRODUCTION

1.    On or about May 16, 2018, Plaintiffs Justin and Bethany Davis ("Plaintiffs") filed a civil action in the Circuit Court of Wood County styled *Justin Davis and Bethany Davis v. Wheeling Power Co., d/b/a AEP Ohio and Cebridge Telecom WV, LLC, d/b/a Suddenlink Communications*, Civil Action No. 18-C-139. **Complaint, Ex. A.**

2.    On or about August 13, 2018, the Circuit Court of Wood County entered an Order dismissing Wheeling Power Company pursuant to Rule 41 of the West Virginia Rules of Civil

Procedure and ordering Ohio Power Company substituted as the proper defendant. The Court held that its Order would constitute service against Ohio Power Company, stating that Ohio Power Company "shall have 30 days from the date of entry of this Order in which to serve its answer, alternative pleading, or notice of removal." **Order Dismissing Wheeling Power Company, Ex. B.**

3. This Notice of Removal is filed within thirty days of the Court's Order dismissing Wheeling Power Company and ordering the complaint filed and served against Ohio Power Company, the last served defendant, and within one year of the commencement of this action in accordance with 28 U.S.C. § 1446(b). Accordingly, this removal is timely under 28 U.S.C. § 1446(b).

## Grounds for Removal

4. Defendant Ohio Power Company is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties of diverse citizenship.

5. Removal of the entire state court matter to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this Court's district embraces the pending state court action in the Circuit Court of Wood County, West Virginia.

## Diversity of Citizenship

6. Plaintiffs are now and were at the time the state action was commenced residents of Wood County, West Virginia. **Complaint, Ex. A at ¶ 1**.

7. Complete diversity of citizenship exists in that Plaintiffs are citizens of West Virginia and, as set forth in more detail in paragraphs 8-12 below, Defendants are incorporated under the laws of different states and have principal places of business outside of West Virginia.

4849-9526-7185.v1

8. Defendant Ohio Power Company is now and was at the time the state action commenced an independent, wholly-owned subsidiary of American Electric Power Company, Inc. Ohio Power Company is a corporation organized under the laws of the State of Ohio, having its principal place of business at 1 Riverside Plaza, Columbus, Ohio 43215-2373. See Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (holding that a corporation's "principal place of business" is "where a corporation's high level officers direct, control and coordinate the corporation's activities," which "will typically be a . . . corporation's headquarters."); see also **Affidavit of Ohio Power Company, Ex. C**.

9. Ohio Power Company is not incorporated in West Virginia and does not maintain its principal place of business in West Virginia. Ohio Power Company's activities are directed, controlled and coordinated by its officers from Columbus, Ohio—Ohio Power Company's "nerve center." See Hertz, 559 U.S. at 92-93. Therefore, Ohio Power Company is a citizen of Ohio for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(l); *Hertz*, 559 U.S. at 92-93.

10. Defendant Universal Cable Holdings, Inc. d/b/a Suddenlink Communications[1] ("Suddenlink") is now and was at the time the state action commenced a corporation organized under the laws of the State of Delaware. Complaint, Ex. A at ¶ 3.

11. Suddenlink is not incorporated in West Virginia and does not maintain its principal place of business in West Virginia. Upon information and belief, Suddenlink's activities are directed, controlled and coordinated by its officers from Long Island City, Queens County, New York — Suddenlink's "nerve center." See Hertz, 559 U.S. at 92-93. Therefore, Suddenlink is a citizen of either Delaware or Missouri for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(l).

---

[1] On July 20, 2018, the Circuit Court of Wood County, West Virginia entered an Order clarifying that Universal Holdings, Inc. d/b/a Suddenlink Communications was incorrectly identified in the Complaint as Cebridge Telecom WV, LLC d/b/a Suddenlink Communications.

4849-9526-7185.v1

12. As such, Plaintiffs, on the one hand, and Defendants, on the other hand, are citizens of different states, and complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

## Amount in Controversy

13. The amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. As West Virginia prohibits any specific amount from being pled in a complaint, a defendant must show by a preponderance of the evidence that the monetary value of the relief sought exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1446(c); Griffith v. GE Money Bank, NCO Fin. Sys. Inc., 2010 WL 2426006, at *2 (N.D. W.Va. June 1, 2010) (Stamp, J.); Mullins v. Harry Mobile Homes, Inc., 861 F.Supp. 22 (S.D. W.Va. 1994).

14. In determining whether the amount in controversy exceeds $75,000.00, a court may consider the relief requested by a plaintiff in his complaint, the possible amount of damages recoverable by plaintiff based on the allegations in the complaint, the removal petition, and other relevant matters in the file, such as settlement demands. See Weddington v. Ford Motor Credit Co., 59 F.Supp.2d 578, 583. (S.D. W.Va. 1999); Asbury-Casto v. GlaxoSmithKline, Inc., 352 F.Supp.2d 729, 731 (N.D. W.Va. 2005). The amount in controversy is determined by considering what the judgment would be if the plaintiff prevailed on the merits as the case stands at removal. Asbury-Casto, 352 F.Supp.2d. at 733. (other citations omitted). When making its determination, a court is not required to leave its common sense behind. Mullins, 861 F. Supp. at 24.

15. There is over $75,000.00 at issue in this case. Plaintiff Justin Davis pleads that because of Defendants' actions, he received "severe and permanent injuries . . . including . . . multiple fractions to his skull, scapula, shoulder, ribs, a lacerated liver, neurogenic bowel and

bladder, bilateral hemopneumothoraces, transverse process fractures of the spine at T-6, T-7, T-8 and T-9, and a traumatic brain injury . . . ." Complaint, Ex. A at ¶ 14. Plaintiff Justin Davis seeks damages for past and future pain and suffering; past and future mental anguish; past and future wage losses; loss of future earnings capacity and benefits; past and future medical expenses, and punitive damages against Ohio Power Company. Id.  Plaintiff Bethany Davis seeks loss of consortium damages for the loss of society, companionship, and consortium of her husband. Id. at ¶ 28. Further, Plaintiffs made a settlement demand to Ohio Power Company in excess of $75,000.00. Defendants reasonably believe, and therefore aver, that the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00.

**Removal Requirements**

16. Each defendant has 30 days after receipt by or service on that defendant of the initial pleading or summons to file the notice of removal. 28 U.S.C § 1446(b)(2)(B).[2] By Court Order dated August 13, 2018, Ohio Power Company was ordered served with the Plaintiffs' complaint and provided 30 days in which to serve its "answer, alternative pleading, or notice of removal."

17. 28 U.S.C. § 1446(b)(2)(B)-(C) provides:

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to removal even though that earlier served defendant did not previously initiation or consent to removal.

Thus, Ohio Power Company timely filed this Notice of Removal.

---

[2] In the 2011 Act, Congress adopted the "Last-Served Defendant Rule" and codified it in 28 U.S.C § 1446(b). If a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. 28 U.S.C § 1446(b)(2)(B)-(C).

18. In the 2011 Act, Congress also codified the judge-made "Unanimity Rule" in which all defendants "who have been properly joined and served must join in or consent to the removal." See 28 U.S.C. § 1446(b)(2)(A).

19. Co-defendant Suddenlink consents to this removal and intends to file a separate written notice of consent with the Court.

## Venue

20. Venue lies in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because Plaintiffs filed the state court action in this judicial district. The Southern District of West Virginia, Charleston Division, is the district embracing the location where the state court action is currently pleading.

## Notice

21. Defendants will give written notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendants will also file with the clerk of the state court and will serve upon Plaintiffs' counsel a notice of the filing of this Notice of Removal.

## State Court Pleadings

22. Copies of all state court pleadings and orders are attached to this Notice of Removal. This case is being removed from the Circuit Court of Wood County, West Virginia. As of this filing, no further proceedings have occurred in the Circuit Court of Wood County.

## Exhibits to Notice of Removal

23 The following documents are attached to this Notice of Removal as correspondingly lettered exhibits:

Exhibit A: Plaintiff's Complaint

Exhibit B:     Order Dismissing Wheeling Power Company

Exhibit C:     Affidavit of Ohio Power Company

Exhibit D:     Certified copy of the docket sheet from the Circuit Court of Wood County, West Virginia

Exhibit E:     State Court Pleadings/filings

## Conclusion

WHEREFORE, Defendant Ohio Power Company, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from Circuit Court of Wood County, Civil Action No. 18-C-139, to this Court.

**OHIO POWER COMPANY
d/b/a   AEP OHIO,**

**By Counsel**

/s/ *Brian R. Swiger*
Brian R. Swiger (WVSB. #5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

and

Seth P. Hayes (WVSB. #10381)
JACKSON KELLY PLLC
150 Clay Street, East, Suite 500
Morgantown, WV  26501
(304) 284-4150
Facsimile (304) 284-4142
shayes@jacksonkelly.com

4849-9526-7185.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife,**

    Plaintiffs,

v.                                                     **Civil Action No.:** 2:18-cv-01292
                                                     **(Removed From Wood County Circuit**
                                                     **Court Civil Action No. 18-C-139)**

**OHIO POWER COMPANY d/b/a AEP**
**OHIO, and UNIVERSAL CABLE**
**HOLDINGS, INC. d/b/a SUDDENLINK**
**COMMUNICATIONS,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Brian R. Swiger, counsel for Defendant Ohio Power Company d/b/a AEP Ohio, do hereby certify that I have served a true and accurate copy of the attached ***DEFENDANT OHIO POWER COMPANY d/b/a AEP OHIO'S ANSWERS AND RESPONSES TO PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS*** via U.S. Mail, postage prepaid, this **12th** day of **September, 2018,** on the following counsel of record:

| | |
|---|---|
| D. Blake Carter, Jr. (WVSB # 9970) | Molly Underwood Poe (WVSB # 6172) |
| BAILEY JAVINS & CARTER, LC | PULLIN, FOWLER, FLANAGAN, BROWN |
| 213 Hale Street | & POE PLLC |
| Charleston, WV  25301 | JamesMark Building |
| Telephone:  (304) 345-0346 | 901 Quarrier Street |
| Facsimile:  (304) 345-0375 | Charleston, WV  25301 |
| jrcarter@bjc4u.com | Telephone:  (304) 344-0100 |
|   *Counsel for Plaintiffs* | Facsimile:  (304) 342-1545 |
| | mope@pffwv.com |
| |   *Counsel for Defendant* |
| |   *Universal Cable Holdings, Inc., d/b/a* |
| |   *Suddenlink Communications* |

C. Michael Bee (WVSB # 290)
HILL PETERSON CARPER BEE
 & DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV  25311
Telephone:  (304) 345-5667
Facsimile: (304) 345-1519
cmbee@hpcbd.com
  *Counsel for Plaintiffs*

             /s/ *Brian R. Swiger*
             Brian R. Swiger (WVSB# 5872)
             JACKSON KELLY PLLC
             500 Lee Street, East, Suite 1600
             P.O. Box 553
             Charleston, WV  25322
             (304) 340-1000
             Facsimile (304) 340-1051
             brswiger@jacksonkelly.com