## IN THE CIRCUIT COURT OF WOOD COUNTY, WST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

                Plaintiffs,

v.

                                   Civil Action No. _18-C-139_

WHEELING POWER COMPANY, d/b/a
AEP OHIO, a West Virginia Corporation, and
CEBRIDGE TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

                Defendants.

### COMPLAINT

For their Complaint against the defendants, the plaintiffs allege and state as follows:

### PARTIES

1.      The plaintiff, Justin Davis, is a resident and citizen of Parkersburg, Wood County, West Virginia, and at all times relevant was an employee of Suddenlink Communications to perform installation, maintenance and repair of Suddenlink Communications telecommunication lines. Plaintiff Bethany Davis is the wife of Justin Davis.

2.      The defendant, Wheeling Power Company, doing business under the tradename AEP Ohio ("Wheeling Power") according to the West Virginia Secretary of State's records, is a West Virginia corporation, and at all times relevant upon information and belief, was the owner of the subject utility line and was otherwise responsible for compliance with the National Electric Safety Code ("NESC") in addition to other commonly accepted utility industry safety practices, including the placement, maintenance, repair, construction and clearance of electric power lines, specifically, the power lines located near 812 Leonard Avenue, Belpre, Ohio.

FILED IN OFFICE

MAY 1 8 2018

CAROLE JONES
CLERK CIRCUIT COURT

EXHIBIT A

3.      The defendant, Cebridge Telecom WV, LLC, d/b/a Suddenlink Communications ("Suddenlink"), is a Delaware corporation authorized to do business in the State of West Virginia, and at all times relevant was engaged in the business of providing telecommunication services throughout West Virginia, and as such, was responsible for compliance with the Occupational Safety and health Administration ("OSHA") in addition to other commonly accepted utility safety practices, including the placement, maintenance, repair, construction and clearance of telecommunication lines, specifically, the power lines located near 812 Leonard Avenue, Belpre, Ohio.

## JURISDICTION AND VENUE

4.      Jurisdiction and venue are appropriate in this Court pursuant to W. Va. Code §56-1-1(a)(2):

   a.      Defendant Wheeling Power, doing business as AEP Ohio, is a West Virginia entity;

   b.      Defendant Cebridge doing business as Suddenlink, performs business including the employment and dispatch of the plaintiff in Parkersburg, Wood County West Virginia, ;

   c.      Complete diversity between the parties does not exist.

## FACTS

5.      On and prior to the events giving rise to this cause of action, the defendant, Wheeling Power, owned and operated a power line near the subject address. Also attached to the subject pole across the street from 812 Leonard Avenue, were telecommunication lines, affixed there, upon information and belief, under a joint use and/or pole sharing agreement between the defendants.

6.      Unknown to the plaintiff, who had not been trained in electrical work or performing work near electrical hazards, the drop down low-voltage power lines had sag to such

a degree that they had encroached upon the telecommunication line at the midspan and overlapped the telecommunication line, in violation of the telecommunication worker safety zone mandated "NESC" which requires at least 75% of the clearance between the line attachment points at the pole to exist at midspan, which both Suddenlink and Wheeling Power are required to abide by and ensure.

7.       At no point prior to the events giving rise to this cause of action, was the plaintiff provided with any type of rubber insulating equipment to prevent exposure to electrical hazards should he come into contact with electricity.  Despite being required to climb ladders and work in close proximity to electrical lines, plaintiff was provided no training or protective equipment to reduce or abate the hazard of coming into contact with live power lines.

8.       Plaintiff was provided with a voltage detector which did not work.   When employees complained and raised issues to management about the voltage detectors not working, they were told by members of management and safety to simply slap the line with the back of their hand to see if any voltage exists.  This instruction was provided to employees require to climb some 20 feet into the air onto ladders, while being trained to in a tie-off to the line using a method whereby the employee, in order to maintain 3 points of contact, would after climbing to the desired height, grab the telecommunication strand with one hand to hold on, and then use the other hand to wrap the tie off strap around the line.

9.       At no point prior to the events giving rise to this cause of action, was the plaintiff properly trained on how to do identify if a line was energized and was instructed by management to use the "back hand test" referenced herein above and if it did not create a shock you were to assume the line was not energized.

10.   On or about September 6, 2016, plaintiff was assigned the work order to assess an issue with a Suddenlink customer's television service at 812 Leonard Avenue and possibly repair the telecommunications line near the subject home.

11.   Upon information and belief, no representative from defendant Wheeling Power or Suddenlink had performed any inspection of the subject pole and lines in any recent time prior to September 6, 2016, inasmuch as the unsafe and deadly hazard presented by the energized power lines encroaching upon and violating the NESC telecommunication worker safety zone had been allowed to exist.

12.   On or about September 6, 2016, plaintiff set and climbed his ladder to inspect the telecommunication lines.  As he performed the tie-off method as he was trained he grabbed the strand of electric line to hold onto as part of the process to then tie off with the other hand, plaintiff received an electrical shock to his hand, causing him to fall some 20 feet.



13.     Following plaintiff's injury, defendant Wheeling Power inspected the site on or about February 2017 and moved the power lines up on the pole to such a distance that they did not encroach on the telecommunication worker safety zone and to make them in compliance with NESC standards.

14.     As a direct and proximate result of defendants' actions, omissions and conduct, on and before September 6, 2016, which caused the severe and permanent injuries of the plaintiff including, among other injuries, multiple fractures to his skull, scapula, shoulder, ribs, a lacerated liver, neurogenic bowel and bladder, bilateral hemopneumothoraces, transverse process fractures of the spine at T-6, T-7, T-8 and T-9, and a traumatic brain injury, the defendants are liable to the plaintiff for all damages, including but not limited to:

> a.     extreme physical pain and suffering, past present and future;
>
> b.     extreme mental anguish and suffering, past present and future;
>
> c.     permanent physical impairment;
>
> d.     loss of wages and benefits;
>
> e.     loss of future earning capacity and benefits;
>
> f.     loss of capacity to enjoy life;
>
> g.     medical expenses past and future;
>
> h.     annoyance and inconvenience; and
>
> i.     permanent scarring and disfigurement.
>
> g.     punitive damages as to defendant Wheeling Power.

## COUNT I
## DELIBERATE INTENT

15.     The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint as if set forth herein verbatim.

16.    On or about September 6, 2016, defendant Suddenlink violated West Virginia

Code Section 23-4-2(d)(ii)(B) in that:

>    (i)    That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

>    (ii)    That the employer, Suddenlink, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

>    (iii)    That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer which rules, regulations and standards were specifically applicable to the work and working condition involved, and were intended to address the specific hazard(s) presented by the alleged specific unsafe working condition[1];

>    (iv)    That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

>    (v)    That Justin Davis suffered a serious compensable injury as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

17.    As a direct and proximate result of defendant Suddenlink's actions and conduct,

on or about September 6, 2016, Justin Davis suffered the severe and permanent injuries

described herein.

---

[1] As it pertains to the alleged violations upon which plaintiff avers will prove element (c) of his claim, please see the verified statement of electrical engineer James Orosz, PE, over 15 years of knowledge and expertise of the workplace safety statutes, rules, regulations and consensus industry safety standards specifically applicable to the electrical and telecommunication industries, attached as Exhibit A.  Mr. Orosz's statement contains and describes (1) his knowledge and expertise of the applicable workplace safety statutes, rules, regulations and/or written consensus industry safety standards; (2) The specific unsafe working condition(s) that were the cause of the injury that is the basis of the complaint; and (3) The specific statutes, rules, regulations or written consensus industry safety standards violated by Suddenlink that are directly related to the specific unsafe working conditions, based upon information available thus far.

## COUNT II
## NEGLIGENCE

18.     The plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 17 of this Complaint as if set forth herein verbatim.

19.     By virtue of its ownership, operation and maintenance of power lines, Wheeling Power owed to the plaintiff and others a duty to exercise the highest degree of care commensurate with the dangers reasonably foreseeable with respect to any maintenance or repair of any lines attached to the subject pole which carried defendant Wheeling Power's live electric lines, as well as a duty to de-energize or otherwise provide for safe work clearance in the proximity of its power lines.

20.     By maintaining an electric power line, over which dangerous voltage passes in a place which it knows or should anticipate others lawfully may resort for any reason, and in such a manner as exposes such person or persons to danger of contact with it by accident or inadvertence, Wheeling Power has a duty to take the highest reasonable precautions for the safety of others, especially those such as the plaintiff who were tasked with the assignment of performing maintenance and repairs on its power lines.

21.     On or about September 6, 2016, the defendant, Wheeling Power owed the plaintiff a non-delegable duty to provide him with a safe work environment with respect to its distribution line and in so doing was required to exercise the highest degree of care for the safety of all individuals performing maintenance and/or repairs to any lines attached to the pole which carried defendant's energized power lines at or around the subject address.

22.     Nonetheless, defendant Wheeling Power breached its duty and allowed the energized power lines to sag and encroach into and thereby violate the NESC telecommunication

worker safety zone, thereby energizing the subject telecommunication line causing plaintiff to suffer an electric shock and ensuing fall from some 20 feet into the air onto the street below.

23.    As a direct and proximate result of the negligent acts and omissions of the defendant, Wheeling Power on or about September 6, 2016, Justin Davis suffered the injuries and damages as described herein.

**COUNT III**
**PUNITIVE DAMAGES**

24.    The plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 23 of this Complaint as if set forth herein verbatim.

25.    Defendant Wheeling Power had knowledge that telecommunication workers and other would perform repairs and/or maintenance to lines attached to the subject pole which would require plaintiff and others to work in close proximity to live power lines that were owned, operated and under defendant Wheeling Power's exclusive control. Despite the fact that Wheeling Power had direct knowledge of other lines located on the subject pole, Wheeling Power made no endeavor to safeguard or prevent exposure or contact with electricity carried along lines owned and maintained by Wheeling Power which encroached upon and touched the telecommunication lines attached to the subject pole, in direct violation of NESC standards.

26.    Wheeling Power's actions in failing or refusing to take any precautions to protect the plaintiff and others from exposure to the hazard of electric shock at this location demonstrates reckless, willful and/or wanton disregard for the safety of Justin Davis and other and was of such an egregious nature and disregard for life and safety that the plaintiff is entitled to an award of punitive damages in addition to other damages described herein.

**COUNT VI**
**LOSS OF CONSORTIUM**

27.    The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 26 of this Complaint as if set forth herein verbatim.

28.    As a further direct and proximate result of the conduct and actions of the defendants as described herein, plaintiff Bethany Davis, has been deprived of the loss of society, companionship, and consortium of her husband, Justin Davis.

WHEREFORE, the plaintiffs, Justin Davis and Bethan Davis, his wife, demand judgment against the defendants for such an amount as will be determined by a jury according to the laws of the State of West Virginia together with costs, attorney fees and pre-judgment and post-judgment interest.

A JURY TRIAL IS DEMANDED.

**JUSTIN DAVIS, and**
**BETHANY DAVIS,**
By Counsel,


D. Blake Carter, Jr. (WV State Bar No. 9970)
BAILEY JAVINS & CARTER, LC
213 Hale St.
Charleston, WV 25301
304-345-0346
jrcarter@bjc4u.com

and

C. Michael Bee (WV State Bar No. 290)
HILL PETERSON CARPBER BEE & DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311-126
*Counsel for Plaintiffs*

SUMMONS
## IN THE CIRCUIT COURT OF WOOD COUNTY, WST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

          Plaintiffs,

v.

                                              Civil Action No. _18-C-139_

WHEELING POWER COMPANY, d/b/a
AEP OHIO, a West Virginia Corporation, and
CEBRIDGE TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

          Defendants.

To the above-named Defendant:      **WHEELING POWER COMPANY, d/b/a**
                                         **AEP OHIO, a West Virginia Corporation,**
                                         **c/o CT Corporation System**
                                         **5400 D Big Tyler Road**
                                         **Charleston, WV 25313**

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon BAILEY JAVINS & CARTER, LC., plaintiff's attorney, whose address is Post Office Box 3712, Charleston, West Virginia, 25337, an answer or response, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer or response within **thirty (30)** days and your responses to any discovery (if applicable) within **forty-five (45)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _5/16/18_

                                           *Carole Jones by* Jacks
                                           Clerk of the Court        *Deputy*

SUMMONS
## IN THE CIRCUIT COURT OF WOOD COUNTY, WST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

Plaintiffs,

v.

Civil Action No. _18·C- 139_

WHEELING POWER COMPANY, d/b/a
AEP OHIO, a West Virginia Corporation, and
CEBRIDGE TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

Defendants.

To the above-named Defendant:     **CEBRIDGE TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS,**
**a Delaware Limited Liability Company,**
**c/o Corporation Service Company**
**209 West Washington St.**
**Charleston, WV 25302**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and

required to serve upon BAILEY JAVINS & CARTER, LC., plaintiff's attorney, whose address is

Post Office Box 3712, Charleston, West Virginia, 25337, an answer or response, including any

related counterclaim you may have, to the Complaint filed against you in the above-styled civil

action, a true copy of which is herewith delivered to you.  You are required to serve your answer

or response within **thirty (30)** days and your responses to any discovery (if applicable) within

**forty-five (45)** days after service of this Summons upon you, exclusive of the day of service.  If

you fail to do so, judgment by default will be taken against you for the relief demanded in the

Complaint and you will be thereafter barred from asserting in another action any claim you may

have which must be asserted by counterclaim in the above-styled civil action.

Dated: ___5/16/18___

_Carole Jones by Jacks_
Clerk of the Court
_Deputy_

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife,**

    **Plaintiffs,**

**v.**

                        **CIVIL ACTION NO. 18-C-139**
                        **JUDGE JOHN D. BEANE**

**WHEELING POWER COMPANY,**
**d/b/a AEP OHIO, a West Virginia**
**Corporation, and CEBRIDGE**
**TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS,**
**a Delaware Limited Liability Company,**

    **Defendants.**

## ORDER DISMISSING WHEELING POWER COMPANY WITHOUT PREJUDICE AND SUBSTITUTING OHIO POWER COMPANY, d/b/a AEP OHIO AS DEFENDANT

On this day came Plaintiffs, through counsel, and Defendant Wheeling Power Company, through counsel, and jointly requested that this Court dismiss Wheeling Power Company without prejudice pursuant to Rule 41 of the West Virginia Rules of Civil Procedure and substitute Ohio Power Company, d/b/a AEP Ohio, as the proper defendant.

For good cause shown, the Court hereby GRANTS Plaintiffs' and Wheeling Power Company's motion and dismisses Wheeling Power Company from this action pursuant without prejudice to Rule 41 of the West Virginia Rules of Civil Procedure.

O.B. No._____
PAGE_____

AUG 1 3 2018

4825-7046-9744.v1

**EXHIBIT B**

CAROLE JONES
CLERK CIRCUIT COURT

The Court further ORDERS that Ohio Power Company, d/b/a AEP Ohio shall be substituted as the proper defendant. All further case captions filed in this matter shall reflect this Court's ORDER.

The Court further ORDERS that Ohio Power Company shall have 30 days from the date of entry of this ORDER in which to serve its answer, alternative pleading, or notice of removal. The Court further ORDERS that all discovery previously served on Wheeling Power Company shall be deemed served on Ohio Power Company and that Ohio Power Company shall have 45 days from the date of entry of this ORDER in which to respond to Plaintiffs' discovery requests.

The Clerk of this Court is hereby directed to send a certified copy of this ORDER to all counsel of record.

ENTER: _8 - 13 - 2018_

Honorable John D. Beane

STATE OF WEST VIRGINIA
COUNTY OF WOOD, TO-WIT:

I, CAROLE JONES, Clerk of the Circuit Court of Wood County, West Virginia, hereby certify that the foregoing is a true and complete copy of an order entered in said Court on the _13_ day of _August 2018_, as fully as the same appears to me of record.

Given under my hand and seal of said Circuit Court, this the _13_ day of _august 2018_

_Carole Jones_
Clerk of the Circuit Court of
Wood County, West Virginia

By _Deeson_ Deputy

Prepared by:

Brian R. Swiger (WVSB. #5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
Facsimile (304) 340-1130
brswiger@jacksonkelly.com
*Counsel for Wheeling Power Company and
Ohio Power Company*

Agreed to by:

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301
*Counsel for Plaintiffs*

3

## AFFIDAVIT OF OHIO POWER COMPANY d/b/a AEP OHIO

**STATE OF OHIO,**

**COUNTY OF FRANKLIN, TO-WIT:**

Before me, the undersigned authority, this day personally appeared Thomas G. Berkemeyer, who, by me first duly sworn, on his oath, deposes and says:

1.     My name is Thomas G. Berkemeyer and I am the Assistant Secretary of Ohio Power Company.  I have personal knowledge of the matters outlined in this affidavit or have obtained knowledge of these matters through the regular course of business.

2.     Ohio Power Company is a wholly owned subsidiary company of American Electric Power Company, Inc., which owns 100% of the common stock of Ohio Power Company.

3.     Ohio Power Company was incorporated in the State of Ohio.

4.     Ohio Power Company's corporate headquarters is 1 Riverside Plaza, Columbus, Ohio 43215-2373.

5.     The business address for the executive officers of Ohio Power Company are 1 Riverside Plaza, Columbus, Ohio 43215-2373.

6.     The aforementioned officers direct, control and coordinate Ohio Power Company's activities from Ohio Power Company's corporate headquarters in Columbus, Ohio.

7.     Ohio Power Company's corporate books and records are maintained at its corporate headquarters in Columbus, Ohio.

8.     For the reasons set forth above, since May 1, 2018, Ohio Power Company has considered its principal place of business to be in, and in fact is in, Columbus, Ohio.

Further the Affiant sayeth not.

1571945.1

IN WITNESS WHEREOF, the undersigned Thomas G. Berkemeyer has affixed his signature this 31st day of August, 2018.

                                       Thomas G. Berkemeyer
                                         Assistant Secretary
                                         Ohio Power Company

Taken, sworn to and subscribed before me, a Notary Public in and for the county and state aforesaid, this 31st day of August, 2018.



NOTARY PUBLIC

2

```
CASE NO. 18-C-139                                    OPENED   5/16/2018

JUDGE...      J.D. BEANE

PLAINTIFF.  JUSTIN DAVIS, AND BETANY DAVIS, HIS WIFE
VS DEFENDANT.  WHEELING POWER COMPANY, DBA AEP OHIO, A WV CORP.AND CEBRIDGE

PRO ATTY..  D.BLAKE CARTER, JR.
DEF ATTY..


PAGE#     DATE MEMORANDUM.............

00001   5/16/18 *********scanned*********
00002   5/16/18 Comp fld;sums & 2 issd;rtn 30 days;sent back to atty to serv
00003   5/16/18   SOS
00004   6/12/18 Sums accptd by SOS for Wheeling Power Co. 6/8/18
00005   6/12/18 Sums acptd by SOS for Cebridge telecom WV 6/8/18
00006   7/05/18 Deft Wheeling Power Comp's Motion to Dismiss
00007   7/05/18 Memo of Law in Support of Deft Wheeling Power Comp's
00008   7/05/18   Motion to Dismiss
00009   7/09/18 Deft Wheeling Power Comp's Motion to Withdraw its
00010   7/09/18   Motion to Dismiss
00011   7/09/18 Joint Stip to Extend Answer or Responsive Pleading
00012   7/09/18   Deadline for Deft Wheeling Power Comp
00013   7/11/18 Cebridge TelcomWV Ans. to Compl.by M.Poe
00014   7/16/18 COS - Pltf 1st of discovery req. to deft Wheeling Power Co.
00015   7/16/18 COS - Pltf 1st of Inter. & req. for production of documents
00016   7/16/18   to deft Cebridge Telecom WV
00017   7/18/18 Order grant deft Wheeling Power company motion to withdraw
00018   7/18/18   its motion to dismiss as of July 3, 2018
00019   7/20/18 Agreed order  with style of case
00020   8/02/18 Notice of scheduling conf. 9/25/18 2:00pm
00021   8/13/18 Order Dismissing Wheeling Power Company w/o prejudice &
00022   8/13/18   substituting Ohio Power Company, dba AEP Ohio as deft
00023   8/16/18 COS - Universal Cable holdings d/b/a Suddenlink responses
00024   8/16/18   to pltfs req. for admission
```

STATE OF WEST VIRGINIA,
COUNTY OF WOOD, TO-WIT:

I, CAROLE JONES, Clerk of the Circuit Court of
Wood County, West Virginia, hereby certify that
the foregoing is a true and complete copy as the
same appears from the records of said Court.
Given under my hand and seal of said Circuit
Court, this the ____ day of ____, 201_

_____
Clerk of the Circuit Court of
Wood County, West Virginia

By: _____ , Deputy

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Carole Jones
Wood Co. Judicial Bldg.,Rm.133
#2 Government Square
Parkersburg, WV 26101-5353

| | |
|---|---|
| **Control Number:** 221391 | **Agent:** C. T. Corporation System |
| **Defendant:** WHEELING POWER COMPANY | **County:** Wood |
| 5400 D Big Tyler Road | **Civil Action:** 18-C-139 |
| CHARLESTON, WV 25313 US | **Certified Number:** 92148901125134100002341074 |
| | **Service Date:** 6/8/2018 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

RETURNED

JUN 1 2 2018

CAROLE JONES
CLERK CIRCUIT COURT

EXHIBIT E

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Carole Jones
Wood Co. Judicial Bldg.,Rm.133
#2 Government Square
Parkersburg, WV 26101-5353

**Control Number:** 221392

**Defendant:** CEBRIDGE TELECOM WV, LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company

**County:** Wood

**Civil Action:** 18-C-139

**Certified Number:** 92148901125134100002341081

**Service Date:** 6/8/2018

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**RETURNED**

**JUN 1 2 2018**

CAROLE JONES
CLERK CIRCUIT COURT

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

     Plaintiffs,

v.                                                   CIVIL ACTION NO. 18-C-139

WHEELING POWER COMPANY,
d/b/a AEP OHIO, a West Virginia
Corporation, and CEBRIDGE
TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

     Defendants.

---

## DEFENDANT WHEELING POWER COMPANY'S MOTION TO DISMISS

---

COMES NOW Defendant, Wheeling Power Company (Wheeling Power), by and through its counsel, and pursuant to West Virginia Rule of Civil Procedure 12(b)(6), moves this Court for an order dismissing the complaint against it with prejudice on the grounds that the complaint fails to state a claim against it upon which relief can be granted. Wheeling Power neither owns nor operates any electric distribution lines in the State of Ohio, much less the electric distribution line at issue in Plaintiffs' Complaint. Accordingly, it is beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief, and the Court should grant Wheeling Power's motion.

FILED IN OFFICE

JUL ‑ 5 2018

CAROLE JONES
CLERK CIRCUIT COURT

4840-9736-8940.v1

The pertinent facts and applicable law upon which this motion is based are found in the attached memorandum of law.

**WHEELING POWER COMPANY**
**d/b/a  AEP OHIO,**

**By Counsel**


Brian R. Swiger (WVSB. #5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

2

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

     Plaintiffs,

v.                                                CIVIL ACTION NO. 18-C-139

WHEELING POWER COMPANY,
d/b/a AEP OHIO, a West Virginia
Corporation, and CEBRIDGE
TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

     Defendants.

## <u>CERTIFICATE OF SERVICE</u>

     I, Brian R. Swiger, counsel for Defendant Wheeling Power Company d/b/a AEP Ohio, do hereby certify that I have served a true and accurate copy of the attached ***DEFENDANT WHEELING POWER COMPANY'S MOTION TO DISMISS*** via U.S. Mail, postage prepaid, this **3rd day of July, 2018,** on the following counsel of record:

Molly Underwood Poe, Esquire
Pullin, Fowler, Flanagan, Brown & Poe PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
  *Counsel for Cequel Corporation d/b/a*
*Suddenlink Communications*

C. Michael Bee, Esquire
HILL PETERSON CARPER BEE &
DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
  *Counsel for Plaintiffs*

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301

  *Counsel for Plaintiffs*

4840-9736-8940.v1

Brian R. Swiger (WVSB# 5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

2

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

      Plaintiffs,

v.                                     CIVIL ACTION NO. 18-C-139

WHEELING POWER COMPANY,
d/b/a AEP OHIO, a West Virginia
Corporation, and CEBRIDGE
TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

      Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WHEELING POWER COMPANY'S MOTION TO DISMISS

---

      COMES NOW Defendant, Wheeling Power Company, d/b/a AEP Ohio (Wheeling Power), and in support of its motion to dismiss Plaintiffs' complaint against it pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, states as follows:

### I. PROCEDURAL AND FACTUAL BACKGROUND

      On or about September 6, 2016, Plaintiff Justin Davis, an employee of co-defendant Suddenlink Communications, was injured while working on utility lines located near a residence in Belpre, Ohio. Compl. ¶¶ 2, 10, 12. Plaintiffs allege that while Mr. Davis was attempting to inspect telecommunications lines located near 812 Leonard Avenue, Mr. Davis contacted an energized primary conductor, receiving an electrical

FILED IN OFFICE

JUL - 5 2018

CAROLE JONES
CLERK CIRCUIT COURT

shock to his hand and causing him to fall 20 feet to the ground. Compl. ¶ 12. Plaintiffs allege Wheeling Power owned and operated the subject electric distribution line. Compl. ¶ 2.

Plaintiffs filed suit on or about May 16, 2018 in the Circuit Court of Wood County, West Virginia. Plaintiffs assert a deliberate intent action against co-defendant Suddenlink, and a negligence against Wheeling Power for negligently maintaining electric distribution lines it owned and operated. Compl. ¶¶ 18-23. Plaintiffs also seek punitive damages against Wheeling Power for "failing or refusing to take any precautions to protect the plaintiff and others from exposure to electric shock" at the "live power lines that were owned, operated and under defendant Wheeling Power's exclusive control." Compl. ¶¶ 25-26. Contrary to Plaintiffs' allegations, Wheeling Power does not own or operat <u>any</u> electric distribution lines anywhere in Ohio, much less the subject lines located near 812 Leonard Avenue, Belpre, Ohio. Thus, the Court should dismiss Plaintiffs' claims against Wheeling Power.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the West Virginia Rules of Civil Procedure permits a Court to dismiss a plaintiff's complaint when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>See Haines v. Hampshire County Com'n</u>, 607 S.E.2d 828, 830-831 (W.Va. 2004). "The complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist. <u>Fass v. Nowsco Well Service Ltd.</u>, 350 S.E.2d 562, 563 (W.Va. 1986).

2

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the allegations contained in a plaintiff's complaint by questioning whether the facts alleged, if true, support a cause of action against defendants. <u>Harrison v. Davis</u>, 478 S.E.2d 104, 109 (W. Va. 1996). "A complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." <u>Id</u>.; <u>Fass</u>, 350 S.E.2d at 111, n. 17. While ordinarily courts should not consider matters contained outside the pleadings in adjudicating a motion under Rule 12(b)(6), courts may consider "matters that are susceptible to judicial notice." Franklin D. Cleckley et al., <u>Litigation Handbook on West Virginia Rules of Civil Procedure</u> §12(b)(6), at 387 (4th ed. 2012). Moreover, courts are "guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." <u>Sager v. Housing Comm'n of Anne Arundel Cty.</u>, 855 F. Supp. 2d 524, 542 (D. Md. 2012)(quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004)).

### III. LEGAL ARGUMENT

#### A. Wheeling Power does not own or operate any electric distribution lines in Ohio.

Plaintiffs' claims against Wheeling Power hinge entirely on their allegation that Wheeling Power owns and operates the subject electric distribution line which Plaintiff Justin Davis contacted on September 6, 2016. However, Plaintiffs are mistaken – Wheeling Power does not own or operate <u>any</u> electric distribution lines in Ohio, much

3

less the line on which Mr. Davis was injured. The Ohio Public Utilities Commission maintains records of all utility companies which own and operate electric distribution lines in the State of Ohio. Although Wheeling Power is authorized to use the names American Electric Power, AEP and AEP Ohio, these public records confirm Wheeling Power does not own or operate the subject distribution line, or any in the State of Ohio. Accordingly, Wheeling Power is an improper party and all claims against it should be dismissed.

Moreover, this court can take judicial notice of public records from the Ohio Public Utilities Commission as the accuracy of these records "cannot reasonably be questioned." See W. Va. R. Evid. 201. As such, this court is not bound by the "four corners" of Plaintiffs' complaint and it need not convert this motion to one for summary judgment. See Cleckley, Litigation Handbook on West Virginia Rules of Civil Procedure §12(b)(6), at 387. This is especially true as discovery on this issue would only prove futile as no amount of discovery is necessary to establish that Wheeling Power has never owned electric distribution lines in Ohio. Sager, 855 F. Supp. 2d at 542. In short, it cannot be disputed that Wheeling Power does not own and operate the subject electric distribution lines. Plaintiffs' claims against Wheeling Power should be dismissed.

WHEREFORE, for the reasons set forth herein, the Court should dismiss with prejudice Plaintiffs' claims against Wheeling Power pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure as Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief against Wheeling Power.

4

4824-0267-3516.v1

Respectfully submitted,

**WHEELING POWER COMPANY
d/b/a   AEP OHIO,**

**By Counsel**

Brian R. Swiger (WVSB #5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

5

**IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA**

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife,**

     **Plaintiffs,**

**v.**                            **CIVIL ACTION NO. 18-C-139**

**WHEELING POWER COMPANY,**
**d/b/a AEP OHIO, a West Virginia**
**Corporation, and CEBRIDGE**
**TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS,**
**a Delaware Limited Liability Company,**

     **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

     I, Brian R. Swiger, counsel for Defendant Wheeling Power Company d/b/a AEP Ohio, do hereby certify that I have served a true and accurate copy of the attached ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WHEELING POWER COMPANY'S MOTION TO DISMISS*** via U.S. Mail, postage prepaid, this **3rd day of July, 2018,** on the following counsel of record:

Molly Underwood Poe, Esquire
Pullin, Fowler, Flanagan, Brown & Poe PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
  *Counsel for Cequel Corporation d/b/a*
*Suddenlink Communications*

C. Michael Bee, Esquire
HILL PETERSON CARPER BEE &
DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
  *Counsel for Plaintiffs*

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301

  *Counsel for Plaintiffs*

Brian R. Swiger (WVSB# 5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

2

**IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA**

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

     Plaintiffs,

v.
                               CIVIL ACTION NO. 18-C-139
                               JUDGE JOHN D. BEANE

WHEELING POWER COMPANY,
d/b/a AEP OHIO, a West Virginia
Corporation, and CEBRIDGE
TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

     Defendants.

FILED IN OFFICE

JUL - 9 2018

CAROLE JONES
CLERK CIRCUIT COURT

---

## DEFENDANT WHEELING POWER COMPANY'S
## MOTION TO WITHDRAW ITS MOTION TO DISMISS

---

     COMES NOW Defendant, Wheeling Power Company ("Wheeling Power"), by and through its counsel, Brian R. Swiger of Jackson Kelly PLLC, and moves to withdraw its motion to dismiss previously filed with the Court on July 3, 2018. After discussions between Plaintiffs' and Wheeling Power's counsel, counsel for both parties agreed that it would be in the best interest of both Plaintiffs and Wheeling Power to withdraw Wheeling Power's Motion to Dismiss at this time. In relation to this mutual decision, counsel for Plaintiffs agreed to extend the deadline for Wheeling Power to answer, or otherwise set forth a responsive pleading to, the Complaint.

FILED IN OFFICE

JUL - 5 2018

CAROLE JONES
CLERK CIRCUIT COURT

Pursuant to that agreement, Plaintiffs, by and through their counsel C. Michael Bee of Hill Peterson Carper Bee & Deitzler, PLLC and D. Blake Carter, Jr. of Bailey Javins & Carter, LC, and Defendant Wheeling Power, by and through its counsel Brian R. Swiger of Jackson Kelly PLLC, do hereby stipulate and agree to extend the deadline for Wheeling Power to answer, or otherwise provide a responsive pleading to, the Complaint.  The parties stipulate and agree that the deadline for Wheeling Power to answer, or otherwise file a responsive pleading to, the Complaint is extended to July 23, 2018.

It is further stipulated and agreed that entry into this stipulation by Wheeling Power shall not constitute any waiver of any defenses, including but not limited to the defenses contained within the West Virginia Rules of Civil Procedure 12(b).  Defendant expressly reserves its right to raise any defenses in response to the Complaint.

Respectfully submitted,

**WHEELING POWER COMPANY
d/b/a  AEP OHIO,**

**By Counsel**

Brian R. Swiger (WVSB #5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

4849-2739-1596.v1

Agreed to by:

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV  25301
*Counsel for Plaintiffs*

3

## IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife,**

     **Plaintiffs,**

**v.**                                                             **CIVIL ACTION NO. 18-C-139**
                                                                   **JUDGE JOHN D. BEANE**

**WHEELING POWER COMPANY,**
**d/b/a AEP OHIO, a West Virginia**
**Corporation, and CEBRIDGE**
**TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS,**
**a Delaware Limited Liability Company,**

     **Defendants.**

### CERTIFICATE OF SERVICE

    I, Brian R. Swiger, counsel for Defendant Wheeling Power Company d/b/a AEP Ohio, do hereby certify that I have served a true and accurate copy of the attached *DEFENDANT WHEELING POWER COMPANY'S MOTION TO WITHDRAW ITS MOTION TO DISMISS* via U.S. Mail, postage prepaid, this **6th day of July, 2018,** on the following counsel of record:

Molly Underwood Poe, Esquire
Pullin, Fowler, Flanagan, Brown & Poe PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
  *Counsel for Cequel Corporation d/b/a*
  *Suddenlink Communications*

C. Michael Bee, Esquire
HILL PETERSON CARPER BEE &
DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
  *Counsel for Plaintiffs*

4849-2739-1596.v1

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV  25301
 *Counsel for Plaintiffs*


Brian R. Swiger (WVSB# 5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

2

**IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA**

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife,**

     **Plaintiffs,**

**v.**                                   **CIVIL ACTION NO. 18-C-139**
                                             **JUDGE JOHN D. BEANE**

**WHEELING POWER COMPANY,**
**d/b/a AEP OHIO, a West Virginia**
**Corporation, and CEBRIDGE**
**TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS,**
**a Delaware Limited Liability Company,**

     **Defendants.**

---

## ORDER GRANTING DEFENDANT WHEELING POWER COMPANY'S MOTION TO WITHDRAW ITS MOTION TO DISMISS

---

     For the reasons as set forth in Defendant Wheeling Power Company's Motion to Withdraw Its Motion to Dismiss, it is hereby **ORDERED** that Wheeling Power Company's July 3, 2018 Motion to Dismiss is withdrawn and will not be considered by this Court.

     The Clerk of this Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _____

                                         _____
                                         Honorable John D. Beane

Presented by:

Brian R. Swiger (WVSB. #5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

Agreed to by:

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV  25301
*Counsel for Plaintiffs*

4846-4217-8924.v1

**IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA**

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

      Plaintiffs,

v.

                                      **CIVIL ACTION NO. 18-C-139**
                                      **JUDGE JOHN D. BEANE**

WHEELING POWER COMPANY,
d/b/a AEP OHIO, a West Virginia
Corporation, and CEBRIDGE
TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

      Defendants.

---

## JOINT STIPULATION TO EXTEND ANSWER OR RESPONSIVE PLEADING DEADLINE FOR DEFENDANT WHEELING POWER COMPANY

---

Plaintiffs Justin Davis and Bethany Davis, by and through their counsel C. Michael Bee of Hill Peterson Carper Bee & Deitzler, PLLC and D. Blake Carter, Jr. of Bailey Javins & Carter, LC, and Defendant Wheeling Power Company ("Wheeling Power"), by and through its counsel Brian R. Swiger of Jackson Kelly PLLC, do hereby stipulate and agree to extend the deadline for Wheeling Power to answer, or otherwise provide a responsive pleading to, the Complaint. The parties stipulate and agree that the deadline for Wheeling Power to answer, or otherwise file a responsive pleading to, the Complaint is extended to July 23, 2018.

4844-5762-9548.v1

FILED IN OFFICE

JUL - 9 2018

CAROLE JONES

It is further stipulated and agreed that entry into this stipulation by Wheeling Power shall not constitute any waiver of any defenses, including but not limited to the defenses contained within the West Virginia Rules of Civil Procedure 12(b).   Wheeling Power expressly reserves its right to raise any defenses in response to the Complaint.

Stipulated, Agreed and Enforced as of this **6th** day of **July, 2018**.

Drafted by:

Brian R. Swiger (WVSB. #5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com
*Counsel for Wheeling Power Company d/b/a AEP Ohio*

Agreed to by:

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV  25301
*Counsel for Plaintiffs*

2

## IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife,**

     **Plaintiffs,**

**v.**                                **CIVIL ACTION NO. 18-C-139**
                                               **JUDGE JOHN D. BEANE**

**WHEELING POWER COMPANY,**
**d/b/a AEP OHIO, a West Virginia**
**Corporation, and CEBRIDGE**
**TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS,**
**a Delaware Limited Liability Company,**

     **Defendants.**

### CERTIFICATE OF SERVICE

     I, Brian R. Swiger, counsel for Defendant Wheeling Power Company d/b/a AEP Ohio, do hereby certify that I have served a true and accurate copy of the attached *JOINT STIPULATION TO EXTEND ANSWER OR RESPONSIVE PLEADING DEADLINE FOR DEFENDANT WHEELING POWER COMPANY* via U.S. Mail, postage prepaid, this **6th day of July, 2018,** on the following counsel of record:

| | |
|---|---|
| Molly Underwood Poe, Esquire | C. Michael Bee, Esquire |
| Pullin, Fowler, Flanagan, Brown & Poe PLLC | HILL PETERSON CARPER BEE & |
| JamesMark Building | DEITZLER, PLLC |
| 901 Quarrier Street | NorthGate Business Park |
| Charleston, WV  25301 | 500 Tracy Way |
| *Counsel for Cequel Corporation d/b/a* | Charleston, WV  25311 |
| *Suddenlink Communications* | *Counsel for Plaintiffs* |

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301
 *Counsel for Plaintiffs*


Brian R. Swiger (WVSB# 5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

2

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
### (Other than Domestic Relations)

# IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

| | |
|---|---|
| **PLAINTIFF**: JUSTIN DAVIS and BETHANY DAVIS, his wife | **CASE NUMBER**: 18-C-139 |
| **DEFENDANTS:** WHEELING POWER COMPANY, d/b/a AEP OHIO, a West Virginia Corporation, and CEBRIDGE TELECOM WV, LLC, d/b/a SUDDENLINK COMMUNICATIONS, a Delaware Limited Liability Company | |

**II.**     **TYPE OF CASE**

☒ **General Civil**          ☐ **Adoption**

☐ **Mass Litigation**          ☐ **Administrative Agency Appeal**
**(As defined in T.C.R. Rule XIX (c)**
                                   ☐ **Civil Appeal from Magistrate Court**
   ☐ **Asbestos**
   ☐ **Carpal Tunnel Syndrome**     ☐ **Miscellaneous Civil Petition**
   ☐ **Diet Drugs**
   ☐ **Environmental**          ☐ **Mental Hygiene**
   ☐ **Industrial Hearing Loss**
   ☐ **Silicone Implants**          ☐ **Guardianship**
   ☐ **Other:** _____
                                   ☐ **Medical Malpractice**

**III.**     **JURY DEMAND:** ☒ Yes  ☐ No

     **CASE WILL BE READY FOR TRIAL BY (Month / Year):** _____ August / 2019 _____

**IV.**     **DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY?** ☐ Yes  ☒ No

     **IF YES, PLEASE SPECIFY:**

   ☐ Wheelchair accessible hearing room and other facilities
   ☐ Interpreter or other auxiliary aid for the hearing impaired
   ☐ Reader or other auxiliary aid for the visually impaired
   ☐ Spokesperson or other auxiliary aid for the speech impaired
   ☐ Other – Unknown at this time

**Attorney Name:** Molly Underwood Poe (WVSB#6172)          **Representing**:

**Firm:** Pullin, Fowler, Flanagan, Brown & Poe, PLLC          ☐ **Plaintiff**
                                              ☒ **Defendant:** Cebridge Telecom WV, LLC
**Address:** 901 Quarrier St., Charleston, WV 25301          ☐ **Cross-Complainant** ☐ **Cross-Defendant**

**Telephone:** _____ 304-344-0100 _____

**Dated:** July 9, 2018 _____

                                             _____
                                                        Signature

☐ **Proceeding Without an Attorney**

SCA-C100.01

# IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife**

      Plaintiff,

v.                            **CIVIL CASE ACTION NO.: 18-C-139**
                                       **HONORABLE JUDGE JOHN D. BEANE**

**WHEELING POWER COMPANY, d/b/a**
**AEP OHIO, a West Virginia Corporation,**
**And CEBRIDGE TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS, a**
**Delaware Limited Liability Company,**

      Defendants.

## CEBRIDGE TELECOM WV, LLC D/B/A SUDDENLINK
## COMMUNICATIONS' ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW the Defendant, Cebridge Telecom WV, LLC d/b/a Suddenlink (hereinafter "Suddenlink"), by counsel, Molly Underwood Poe, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for its Answer to the Plaintiffs' Complaint, states as follows:

### PARTIES

1.     Upon information and belief, Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 the Complaint and therefore deny the same.

3.     Defendant admits that it is a Delaware corporation authorized to do business in the State of West Virginia and is in the business of provided telecommunicati

FILED IN OFFICE

JUL 1 1 2018

CAROLE JONES
CLERK CIRCUIT COURT

throughout WV as alleged in paragraph 3 of the Complaint but deny the remaining allegations contained in paragraph 3 as they are vague and ambiguous.

## JURISDICTION AND VENUE

4.     Defendant denies the allegations contained in paragraph 4 (a) – (c) and specifically states that West Virginia Code § 23-4-2 (e) requires that "Any cause of action brought pursuant to this section shall be brought either in the circuit court of the county in which the alleged injury occurred or the circuit court of the county of the employer's principal place of business."

5.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6.     Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.     Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.     Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.    Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12.    As there were no witnesses and Plaintiff was working alone, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14.     Defendant the allegations contained in paragraph 14 (a) – (g) of the Complaint.

## COUNT I
## DELIBERATE INTENT

15.     Defendant incorporates its responses to paragraphs 1-14 as if set forth in full herein.

16.     Defendant denies the allegations contained in paragraph 16 (i) – (v) of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

## COUNT II
## NEGLIGENCE

18.     Defendant incorporates its responses to paragraphs 1-17 as if set forth in full herein.

19.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

## COUNT III
## PUNITIVE DAMAGES

24.     Defendant incorporates its responses to paragraphs 1-23 as if set forth in full herein.

25.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

26.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

## COUNT VI
## LOSS OF CONSORTIUM

27.     Defendant incorporates its responses to paragraphs 1-26 as if set forth in full herein.

28.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29.     Defendant denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant specifically denies that it was guilty of any act or omission constituting a deliberate intention as defined in §23-4-2 of the West Virginia Code, to cause injury to the plaintiff or subject the plaintiff to any unsafe working condition, particularly any conditions giving rise to a strong probability of serious injury or death.

### THIRD DEFENSE

Pursuant to W. Va. Code § 23-4-2 (e) this matter should be dismissed for improper venue.

### FOURTH DEFENSE

This Defendant denies that it breached any duty owed to the plaintiff

### FIFTH DEFENSE

This Defendant sets forth the defenses contained in Rules 8 and 12 of the West Virginia Rules of Civil Procedure which may prove applicable whether or not specifically set out herein.

### SIXTH DEFENSE

This Defendant has and hereby asserts a right to have any and all fault that proximately caused or contributed to the accident and damages of which the Plaintiffs' Complaint, if any, apportioned among those responsible therefore and, if this Defendant is held liable in any degree to the plaintiffs or any other party in this matter, this Defendant has and hereby asserts a right to contribution and/or indemnity of and from all against whom such apportionment is made.

### SEVENTH DEFENSE

This Defendant reserves unto itself the right to assert such claims, whether they may be counterclaims, cross-claims, third party claims, or as otherwise determined through the investigation and discovery of this matter to be applicable.

### EIGTH DEFENSE

This Defendant, its agents, employees or representatives, never had actual substantive knowledge of any specific unsafe working conditions to which the plaintiff was allegedly exposed and which unsafe working condition was causally linked to the accident which injured the Plaintiff.

### NINTH DEFENSE

To the extent that any specific unsafe working conditions existed at the subject work site as alleged in the Plaintiffs' Complaint, said unsafe working condition was caused or created in whole or in majority part without the knowledge of this Defendant.

### TENTH DEFENSE

Plaintiffs' injuries, damages and/or losses may have been solely caused by or contributed to by Plaintiff's assumption of a known risk and, to the extent thereof, plaintiff's claims against this defendant are barred or any recovery therefore should be accordingly reduced by virtue of the doctrine of comparative assumption of the risk.

### ELEVENTH DEFENSE

Plaintiffs' injuries, damages and/or losses were or may have been solely caused or contributed to by the negligence, fault or other acts or omissions of third parties over whom this Defendant exercised no control and for whose actions this Defendant is not responsible.

### TWELFTH DEFENSE

This Defendant asserts the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process and insufficiency of service of process.

### THIRTEENTH DEFENSE

This Defendant asserts that plaintiffs are barred from recovering against it in this action any expenses and benefits which have been or will be reimbursed or paid pursuant to the Workers' Compensation Act of the State of West Virginia as a result of the injuries of the Plaintiffs and asserts that in the event of any judgment against it in this action, it will be entitled to an offset against such judgment in the total amount of all such expenses and benefits.

## FOURTEENTH DEFENSE

This Defendant asserts that any alleged activities by it fail to give rise to a voluntary assumption of duty for the benefit of the Plaintiffs.

## FIFTEENTH DEFENSE

This Defendant asserts the affirmative defenses of failure to mitigate damages, collateral estoppels, *res judicata*, set off, immunity, qualified immunity, open and obvious risk/danger, timeliness, undue hardship, estoppels, waiver, release, accord and satisfaction, fraud, misrepresentation, statute of limitations, improper venue, exclusiveness of remedy and exhaustion of remedies should further investigation prove same to be applicable herein.

Cebridge Telecom, WV LLC, d/b/a
Suddenlink Communications
By Counsel,

Molly Underwood Poe, Esq. (WVSB No. 6172)
***Pullin, Fowler, Flanagan, Brown & Poe, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545

## IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife

      Plaintiff,

v.                              **CIVIL CASE ACTION NO.: 18-C-139**
                                        **HONORABLE JUDGE JOHN D.**

**BEANE**

WHEELING POWER COMPANY, d/b/a
AEP OHIO, a West Virginia Corporation,
And CEBRIDGE TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS, a
Delaware Limited Liability Company,

      Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Cebridge Telecom WV, LLC, d/b/a Suddenlink Communications, does hereby certify on this the **9th** day of **July, 2018**, that a true copy of the foregoing "*Cebridge Telecom WV, LLC d/b/a Suddenlink Communications' Answer To Plaintiffs' Complaint*" was served upon counsel of record by depositing same to them in the U.S. Mail, postage prepaid, sealed in an envelope, and addressed as follows:

C. Michael Bee, Esq.
Hill, Peterson, Carper, Bee & Deitzler, P.L.L.C.
500 Tracy Way
Charleston, WV 25311-1261
*Counsel for Plaintiffs*


Donald Blake Carter, Jr., Esquire
Bailey, Javins, & Carter, L.C.
P. O. Box 3712
Charleston, WV 25337
*Counsel for Plaintiffs*

Brian R. Swiger, Esq.
Jackson Kelly PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
*Counsel for Wheeling Power Company, d/b/a AEP Ohio*

Molly Underwood Poe, Esq. (WVSB No. 6172)
***Pullin, Fowler, Flanagan, Brown & Poe, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545

IN THE CIRCUIT COURT OF WOOD COUNTY, WST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

                  Plaintiffs,

v.

                                          Civil Action No. 18-C-139

WHEELING POWER COMPANY, d/b/a
AEP OHIO, a West Virginia Corporation, and
CEBRIDGE TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

                  Defendants.

## CERTIFICATE OF SERVICE

I, D. Blake Carter, Jr., counsel for plaintiff, do hereby certify that the foregoing **PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT WHEELING POWER COMPANY, D/B/A AEP OHIO,** has been served on counsel of record by depositing a true and exact copy thereof, via United States mail, postage prepaid and properly addressed on this 12th day of July, 2018, as follows:

Brian R. Swiger, Esquire
Jackson Kelly, PLLC
1600 Laidley Tower
Charleston, WV 25322
304-340-1000
*Counsel for Defendant Wheeling Power Company d/b/a AEP Ohio*

Molly Underwood Poe, Esquire
Pullin Fowler Flanagan Brown & Poe, PLLC
901 Quarrier St.
Charleston, WV 25301
*Counsel for Defendant Cebridge Telecom WV, LLC d/b/a Suddenlink Communications*

D. Blake Carter, Jr., WVSB#9970

FILED IN OFFICE

JUL 1 6 2018

CAROLE JONES
CLERK CIRCUIT COURT

## IN THE CIRCUIT COURT OF WOOD COUNTY, WST VIRGINIA

JUSTIN DAVIS, and
BETHANY DAVIS, his wife,

           Plaintiffs,

v.

                                          Civil Action No. 18-C-139

WHEELING POWER COMPANY, d/b/a
AEP OHIO, a West Virginia Corporation, and
CEBRIDGE TELECOM WV, LLC, d/b/a
SUDDENLINK COMMUNICATIONS,
a Delaware Limited Liability Company,

           Defendants.

## CERTIFICATE OF SERVICE

    I, D. Blake Carter, Jr., counsel for plaintiff, do hereby certify that the foregoing **PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CEBRIDGE TELECOM WV, LLC, D/B/A SUDDENLINK COMMUNICATIONS** has been served on counsel of record by depositing a true and exact copy thereof, via United States mail, postage prepaid and properly addressed on this 12th day of July, 2018, as follows:

Brian R. Swiger, Esquire
Jackson Kelly, PLLC
1600 Laidley Tower
Charleston, WV 25322
304-340-1000
*Counsel for Defendant Wheeling Power Company d/b/a AEP Ohio*

Molly Underwood Poe, Esquire
Pullin Fowler Flanagan Brown & Poe, PLLC
901 Quarrier St.
Charleston, WV 25301
*Counsel for Defendant Cebridge Telecom WV, LLC d/b/a Suddenlink Communications*

13



FILED IN OFFICE

JUL 1 6 2018

CAROLE JONES
CLERK CIRCUIT COURT

## IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife,**

      **Plaintiffs,**

**v.**
                                       **CIVIL ACTION NO. 18-C-139**
                                       **JUDGE JOHN D. BEANE**

**WHEELING POWER COMPANY,**
**d/b/a AEP OHIO, a West Virginia**
**Corporation, and CEBRIDGE**
**TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS,**
**a Delaware Limited Liability Company,**

      **Defendants.**

---

## ORDER GRANTING DEFENDANT WHEELING POWER COMPANY'S MOTION TO WITHDRAW ITS MOTION TO DISMISS

---

For the reasons as set forth in Defendant Wheeling Power Company's Motion to Withdraw Its Motion to Dismiss, it is hereby **ORDERED** that Wheeling Power Company's July 3, 2018 Motion to Dismiss is withdrawn and will not be considered by this Court.

The Clerk of this Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER:     7-18-18

                                     Honorable John D. Beane

ENTERED
O.B. No.
PAGE
JUL 1 8 2018
CAROLE JONES
CLERK CIRCUIT COURT

4846-4217-8924.v1

STATE OF WEST VIRGINIA
COUNTY OF WOOD, TO-WIT:

I, CAROLE JONES, Clerk of the Circuit Court
of Wood County, West Virginia, hereby certify that
the foregoing is a true and complete copy of an
order entered in said Court, on the __18__ day of
__July 2018__ , as fully as the same appears
to me of record.

Given under my hand and seal of said Circuit
Court, this the __23__ day of __July 2018__ .

_Carole Jones_

Clerk of the Circuit Court of
Wood County, West Virginia

By: _____ , Deputy

Presented by:

Brian R. Swiger (WVSB. #5872)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
(304) 340-1000
Facsimile (304) 340-1051
brswiger@jacksonkelly.com

Agreed to by:

D. Blake Carter, Jr., Esquire
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV  25301
*Counsel for Plaintiffs*

JACKSON KELLY, PLLC

JUL 2 5 2018

BRIAN SWIGER

4846-4217-8924.v1

D. Blake Carter, Jr., WVSB# 9970

# IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**JUSTIN DAVIS, and**
**BETHANY DAVIS, his wife**

     **Plaintiff,**

**v.**                                                   **CIVIL CASE ACTION NO.: 18-C-139**
                                                         **HONORABLE JUDGE JOHN D. BEANE**

**WHEELING POWER COMPANY, d/b/a**
**AEP OHIO, a West Virginia Corporation,**
**And CEBRIDGE TELECOM WV, LLC, d/b/a**
**SUDDENLINK COMMUNICATIONS, a**
**Delaware Limited Liability Company,**

     **Defendants.**

## AGREED ORDER

**NOW COME** the Plaintiffs, Justin Davis and Bethany Davis by and through counsel D.

Blake Carter and the law firm of Bailey, Javins & Carter, LC and the Defendant, Universal Cable

Holdings, Inc., d/b/a Suddenlink Communications, incorrectly identified in the Complaint as

Cebridge Telecom WV, LLC d/b/a Suddenlink Communications (hereinafter "Suddenlink") by

counsel, Molly Underwood Poe and the law firm of Pulllin, Fowler, Flanagan, Brown & Poe,

PLLC, and hereby represent to this Court that defendant Suddenlink was incorrectly identified as

Cebridge Telecom WV, LLC in the Summons and Complaint and stipulate that the proper entity

is Universal Cable Holdings, Inc., d/b/a Suddenlink Communications. The parties further agree

that the style of the case should be amended accordingly.

This Court, having no objection hereto, hereby ORDERS that Universal Cable Holdings,

Inc., d/b/a Suddenlink Communications is the proper defendant and that the style of the case on

all pleadings filed subsequent to entry of this Order should be as follows: *Justin Davis, and*

*Bethany Davis, his wife v. Wheeling Power Company, d/b/a AEP Ohio, A West Virginia*

O.B. No. _____
PAGE _____
JUL 2 0 2018

7/26/18 CC^x2 to Pullin; + Donald B. Carter

CAROLE JONES
CLERK CIRCUIT COURT

*Corporation, and Universal Cable Holdings, Inc., d/b/a Suddenlink Communications, a Delaware Limited Liability Company.*

The Clerk is directed to send certified copies of this Order to all counsel of record.

ENTERED THIS _____ DAY OF _____, 2018.

_____
HONORABLE JOHN B. BEANE

Prepared By:

_____
Molly Underwood Poe, Esq. (WVSB No. 6172)
*Pullin, Fowler, Flanagan, Brown & Poe, PLLC*
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545
*Counsel for Universal Cable Holdings, Inc., d/b/a Suddenlink Communications, a Delaware Limited Liability Company*

Inspected and Agreed to By:

_____
Donald Blake Carter, Jr., Esquire (WVSB No.9970)
*Bailey, Javins, & Carter, L.C.*
P. O. Box 3712
Charleston, WV 25337
Telephone: (304) 345-0346
*Counsel for Plaintiffs*

STATE OF WEST VIRGINIA
COUNTY OF WOOD, TO-WIT:

I, CAROLE JONES, Clerk of the Circuit Court of Wood County, West Virginia, hereby certify that the foregoing is a true and complete copy of an order entered in said Court, on the __20__ day of __July__, __2018__, as fully as the same appears to me of record.

Given under my hand and seal of said Circuit Court, this the __15__ day of __Aug__, __2018__.

_____
Clerk of the Circuit Court of
Wood County, West Virginia

By:_____, Deputy

## IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**JUSTIN DAVIS and**
**BETHANY DAVIS, his wife,**

      **Plaintiffs,**

v.

                                **CIVIL ACTION NO. 18-C-139**
                                **Judge John D. Beane**

**WHEELING POWER FCOMPANY,**
**d/b/a AEP OHO, an West Virginia**
**corporation, and CEBRIDGE**
**TELECOM WV, LLC d/b/a**
**SUDDENLINK COMMUNICATIONS.**
**a Delaware Limited Liability Company,**

      **Defendants.**

### NOTICE OF SCHEDULING CONFERENCE

      PLEASE TAKE NOTICE that there will be a scheduling conference before the

Honorable John D. Beane, Judge, in his courtroom located at the Wood County Courthouse, 1

Courthouse Square, in Parkersburg, West Virginia. The conference will take place on **Tuesday,**

**September 25, 2018, at 2:00 p.m.,** or as soon thereafter as practicable.

      You may appear and protect what interests, if any, you may have in this matter.

                                    **JUSTIN DAVIS & BETHANY DAVIS,**
                                    **his wife,**
                                    **By Counsel**

_____
C. Michael Bee (WV State Bar No. 290)
HILL, PETERSON, CARPER, BEE & DEITZLER, P.L.L.C.
NorthGate Business Park, 500 Tracy Way
Charleston, West Virginia 25311
      -and-
D. Blake Carter, Jr.
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301
*Counsel for Plaintiffs*
00537220.wpd

**IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA**

**JUSTIN DAVIS and
BETHANY DAVIS, his wife,**

            **Plaintiffs,**

**v.**                                    **CIVIL ACTION NO. 18-C-139
Judge John D. Beane**

**WHEELING POWER FCOMPANY,
d/b/a AEP OHO, an West Virginia
corporation, and CEBRIDGE
TELECOM WV, LLC d/b/a
SUDDENLINK COMMUNICATIONS.
a Delaware Limited Liability Company,**

            **Defendants.**

## CERTIFICATE OF SERVICE

I, C. Michael Bee, hereby certify that on the 34th day of July , 2018, the foregoing

"Notice of Scheduling Conference" was served upon the following, by U.S. Mail, postage

prepaid and addressed as follows:

D. Blake Carter, Jr.
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301
*Counsel for Plaintiffs*

Molly Underwood Poe,  Esq.
Pullin, Fowler, Flanigan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
*Counsel for Defendant Cequel Corporation d/b/a Suddenlink Communications*

Brian R. Swiger, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P. O. Box 553
Charleston, WV 25322
*Counsel for Defendant Wheeling Power Company d/b/a AEP Ohio*



C. Michael Bee (WV State Bar No. 290)
HILL, PETERSON, CARPER, BEE & DEITZLER, P.L.L.C.
NorthGate Business Park/500 Tracy Way
Charleston, West Virginia 25311
(304) 345-5667
(304) 345-1519 facsimile

**IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA**

JUSTIN DAVIS, and
BETHANY DAVIS, his wife

      Plaintiff,

v.                             **CIVIL CASE ACTION NO.: 18-C-139**
                                       **HONORABLE JOHN D. BEANE**

WHEELING POWER COMPANY, d/b/a
AEP OHIO, a West Virginia Corporation,
And UNIVERSAL CABLE HOLDINGS, INC., d/b/a
SUDDENLINK COMMUNICATIONS, a
Delaware Limited Liability Company,

      Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Universal Cable Holdings Inc., d/b/a Suddenlink Communications, does hereby certify on this the **14th** day of **August, 2018**, that a true copy of the foregoing *Universal Cable Holdings, Inc., D/B/A Suddenlink Communications' Responses To Plaintiffs' Requests For Admission* was served upon counsel of record by depositing same to them in the U.S. Mail, postage prepaid, sealed in an envelope, and addressed as follows:

C. Michael Bee, Esq.
Hill, Peterson, Carper, Bee & Deitzler, P.L.L.C.
500 Tracy Way
Charleston, WV 25311-1261
*Counsel for Plaintiffs*

Donald Blake Carter, Jr., Esquire
Bailey, Javins, & Carter, L.C.
P. O. Box 3712
Charleston, WV 25337
*Counsel for Plaintiffs*



FILED IN OFFICE

AUG 1 6 2018

CAROLE JONES
CIRCUIT CLERK COURT

Brian R. Swiger, Esq.
Jackson Kelly PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
*Counsel for Wheeling Power Company, d/b/a AEP Ohio*


Molly Underwood Poe, Esq. (WVSB No. 6172)
***Pullin, Fowler, Flanagan, Brown & Poe, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545