# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JUSTIN DAVIS, et al.,

        Plaintiffs,

v.                                   CIVIL ACTION NO. 2:18-cv-01292

OHIO POWER COMPANY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Before this Court is the motion for protective order filed by Defendant Universal Cable Holdings, Inc. ("Suddenlink"). (ECF No. 73.) For the reasons explained more fully herein, Suddenlink's motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND

On August 14, 2019, Defendant Ohio Power Company ("OPCo") noticed its intent to depose Suddenlink's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on September 30, 2019. (ECF No. 66.) The notice of deposition includes seventeen topics that according to Suddenlink can be "divided into two categories: contractual indemnification topics . . . and unauthorized attachment topics." (ECF No. 74 at 3; *see* ECF No. 66 at 2–4.)

Suddenlink represents that it "has absolutely no objection to producing a corporate representative to testify on the [contractual indemnification] topics," but it refuses to produce a representative to testify on the unauthorized attachment topics until after the parties mediate the case on October 21, 2019. (ECF No. 74 at 3.) Suddenlink argues that

1

testimony about the unauthorized attachment topics will "lead to substantial monetary fines and . . . future litigation against Suddenlink" because OPCo seeks to establish that Suddenlink has a nationwide "pattern and practice" of unauthorized attachment of cable lines to power poles. (*Id.* at 5–7.) Suddenlink asserts that other unauthorized attachments are not relevant to this case and seems to agree that the cable line at issue in the complaint was an unauthorized attachment. (*Id.* at 7.) But it argues that OPCo "is deliberately leveraging" Suddenlink's concerns about monetary fines and future litigation "to force it to agree to defend and indemnify" OPCo in this matter, which Suddenlink contends is "a decision . . . not within Suddenlink's power to make" and is "not necessary . . . to participate in mediation." (*Id.*)

OPCo responds that Suddenlink's potential regulatory or civil liability arising out of the requested discovery on unauthorized attachment is "speculation." (ECF No. 77 at 7.) Further, OPCo argues that the possibility of such liability would exist even if OPCo were to depose Suddenlink's corporate representative about unauthorized attachment after the mediation, as Suddenlink proposes. (*Id.* at 6–7.) As a result, OPCo contends, Suddenlink is simply seeking to prevent OPCo from going into the mediation with all the relevant facts. (*See id.* at 2, 7.) OPCo states that information about Suddenlink's unauthorized attachments is relevant to the issue of whether Suddenlink has a duty to defend and indemnify OPCo under the parties' agreement and is "central to OPCo's defense." (*Id.* at 8–9.)

Suddenlink replies that OPCo's willingness to cancel the deposition if Suddenlink agrees to defend and indemnify it demonstrates that the unauthorized attachment issues are not as important as OPCo makes them out to be. (ECF No. 78 at 2–3.) Further, Suddenlink continues to argue that information about unauthorized attachments

nationwide "is not dispositive of" whether the cable attachment was unauthorized in this case and is likewise irrelevant to the issue of indemnification. (*Id.* at 3.) Suddenlink also reiterates that it will permit its corporate representative to testify about the unauthorized attachment topics if the mediation is not successful. (*Id.* at 4.)

## II.   LEGAL STANDARD

In order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," this Court may enter a protective order upon a showing of "good cause" for doing so. Fed. R. Civ. P. 26(c)(1). "To obtain a protective order . . . the party resisting discovery must establish that the information sought is covered by [Rule 26(c)] and that [the party] will be harmed by disclosure." In re *Wilson*, 149 F.3d 249, 252 (4th Cir. 1998); *see* L.R. Civ. P. 26.4(b). It bears the burden to do this "with specific and particular facts." *Johnson v. Ford Motor Co.*, No. 3:13-cv-06529, 2017 WL 1904259, at *2 (S.D.W. Va. May 9, 2017). And upon a showing of harm by the movant, "the party seeking the materials then must establish that the information is sufficiently necessary and relevant to his case to outweigh the harm of disclosure." *Wilson*, 149 F.3d at 252. This Court possesses "broad authority . . . to determine when a protective order is appropriate and what degree of protection is required." *Wood v. Harshbarger*, No. 3:13-cv-21079, 2014 WL 3056855, at *3 (S.D.W. Va. July 7, 2014) (internal quotation marks omitted).

## III.   ANALYSIS

Here, Suddenlink has not made a sufficient showing of good cause to postpone its Rule 30(b)(6) deposition on the unauthorized attachment topics until after the mediation, at least with respect to the possibility of an unauthorized attachment in this case. First, as OPCo points out (ECF No. 77 at 6–7), the alleged harm to Suddenlink caused by

3

deposing its corporate representative on the unauthorized attachment topics prior to the mediation—*i.e.*, that Suddenlink could be subjected to regulatory or civil liability—would not be any less likely if the deposition were to proceed after the mediation. Suddenlink's argument presumes that the parties will settle this case at mediation; however, if the parties do not settle, Suddenlink could easily file a second motion for protective order making the same arguments about potential harm from the discovery but instead seeking to prevent OPCo from taking the deposition entirely, rather than to postpone it. This reality weighs in favor of permitting OPCo to inquire about the unauthorized attachment topics prior to the mediation to avoid a waste of the parties' time and resources in conducting a second Rule 30(b)(6) deposition of Suddenlink.

Moreover, the mediation has a much greater likelihood of success if the parties enter into negotiations with the fullest possible picture of the facts of this case. Suddenlink acknowledges that the issue of whether it will defend and indemnify OPCo must "be addressed at mediation in order to resolve this matter in its entirety." (ECF No. 74 at 5.) Although Suddenlink maintains that the decision about whether to defend and indemnify OPCo is "out of its control" (*id.* at 2 n.3), it misses the point that the unauthorized attachment topics seek information relevant to OPCo's breach of contract cross-claim against Suddenlink and Plaintiffs Justin Davis's and Bethany Davis's (collectively, "Plaintiffs") claims against OPCo in the event that Suddenlink does not defend and indemnify OPCo. (*Compare* ECF No. 1-1 at 7–8; ECF No. 6 at 13–14, *with* ECF No. 66 at 2–4.) If the parties are to reach a final settlement of this action at mediation, OPCo cannot go into the mediation blind to those facts, especially if the issue of defense and indemnity is not resolved beforehand.

By the same token, though, OPCo has not demonstrated how inquiry into Suddenlink's unauthorized attachment to other power poles is necessary discovery in this matter. OPCo raises three cross-claims against Suddenlink: one for contractual indemnity under their attachment contract, one for contribution, and one for breach of the attachment contract. (ECF No. 6 at 12–14.) Those claims are not generally raised as to other power poles but instead relate to the facts in Plaintiffs' complaint. (*See id*.) Although Suddenlink's alleged "pattern and practice" of unauthorized attachment of its cable lines to power poles has some bearing on the likelihood of an unauthorized attachment in this case, the unauthorized attachment topics in the notice of deposition (ECF No. 66 at 2–4) appear sufficient to allow OPCo to ascertain whether there was an unauthorized attachment in this case even if inquiry is limited to the power pole at issue in Plaintiffs' complaint. Accordingly, OPCo may conduct a Rule 30(b)(6) deposition of Suddenlink prior to the mediation, but it should limit its questioning on the unauthorized attachment topics to this case. If information about other poles proves to be necessary following the mediation, the undersigned will address it at a later time if Suddenlink opposes the discovery.

IV. CONCLUSION

For the foregoing reasons, Suddenlink's motion for protective order (ECF No. 73) is **GRANTED IN PART** and **DENIED IN PART**. OPCo's Rule 30(b)(6) deposition of Suddenlink may proceed prior to the mediation as to all topics in the notice of deposition (ECF No. 66), except that any inquiry with respect to topics Nos. 4–6, 11, and 15–17 must be limited to the alleged unauthorized attachment in this case.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 27, 2019

Dwane L. Tinsley
United States Magistrate Judge